Arthur G. Kleih, J.
This is an article 78 proceeding to review and annul the decision dismissing the petitioner from the position of Assistant Medical Examiner in the office of the Chief Medical Examiner of the City of New York. The dismissal was ordered after a hearing presided over and conducted by the respondent, Milton Helpern, Chief Medical Examiner, pursuant to the authority vested in him pursuant to the provisions of the Civil Service Law of the State of New York (§ 22).
*758 A proceeding to review the determination in question came on for decision before Mr. Justice Hofstadteb, who dismissed the petition unless, at petitioner’s election, either the matter be referred to the Appellate Division for review pursuant to subdivisions 6 and 7 of section 1296 of the Civil Practice Act, or in the alternative petitioner redraft the petition to raise only-issues falling within the purview of subdivisions 1 to 5~a, inclusive, of said section. Petitioner made his election and amended his petition. His amended petition was dismissed for insufficiency by Special Term. The amended petition which is now before the court is not attacked for insufficiency as a matter of law.
The allegations of this amended petition do not contain facts sufficient to establish that the respondents failed to perform a duty specifically enjoined upon them by law (subd. 1); that the respondent Helpern lacked jurisdiction; that his authority was not pursued in the manner required by law (subds. 2, 3, 4), or that in making the determination complained of the rights of petitioner were violated (subd. 5).
It is clear from petitioner’s papers, therefore, that he places reliance mainly on subdivision 5-a of section 1296 of the Civil Practice Act. This raises the question of whether or not the respondent Helpern abused his discretion in imposing the measure of punishment or penalty or discipline involved in the determination.
The question posed must be answered on the basis of the facts adduced at the hearings held by the respondent Helpern. The test is not whether this court would have imposed a similar punishment.
In determining whether the Chief Medical Examiner abused his discretion in imposing the punishment involved here the test is whether “ ‘ the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness ’ ” (Matter of McGinnis’ Broadway Rest. v. Rohan, 6 A D 2d 115, 118). We conclude upon all the facts before us that the measure of punishment here imposed does not come within the concept of arbitrariness that permits a finding that the Chief Medical Examiner abused his discretion or requires the intervention of the judicial process to suggest inferentially the imposition of a lesser punishment.
On this application the petitioner attempts to explain and minimize the derelictions of which he was found guilty in the course of his official conduct. It is not the function of this court on the present application to substitute its judgment for that *759 of the hearing official as to the importance or effect on such shortcomings as was pointed out in the McGinnis case (supra). This court may not set aside the pronouncement of the Medical Examiner on the ground merely that more leniency might have been demonstrated by the court or by another hearing officer.
There can be no question that the punishment in its consequences to> the petitioner is severe and drastic, but in the absence of proof that it constitutes an arbitrary, capricious, unreasonable or unlawful action, this court is powerless to soften the disciplinary action of respondent Helpern. No such proof has been furnished.
The application is accordingly denied and the proceeding dismissed.
Settle order.